IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## MOTION OF DEBTOR FOR AUTHORITY TO PAY PRE-PETITION PAYROLL, PAYROLL TAXES, EMPLOYEE BENEFITS AND OTHER RELATED EXPENSES

B GSE Group, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by this motion (the "Motion"), hereby moves the Court for entry of an order authorizing the Debtor to pay pre-petition wages, salaries, and other employee benefits in accordance with existing company policies, pursuant to sections 105(a) and 507(a) under title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 105(a) and 507(a)(4) of the Bankruptcy Code.

2. No previous request for the relief requested herein has been made to this Court or to any other court.

## BACKGROUND

3. Formed in North Carolina on October 3, 2011, the Debtor engineers and manufactures ground support equipment for commercial and military aircraft. The company's products include ground power units, air units, fueling equipment, underground service pits, and hose systems. Its clients include airports, airlines, the United States armed forces, as well as aviation and airplane manufacturers.

4. The Debtor operates from a principal office in Huntersville, North Carolina. It also maintains fabrication and assembly facilities in Morgantown, West Virginia.

5. The Debtor employs twenty-seven (27) employees, consisting of twelve (12) full-time, salaried employees and (15) hourly employees (collectively, the "Employees").

6. On January 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to section 1182 of the Bankruptcy Code.

7. In addition to being salaried employees of the Debtor, Brian Bullerdick is a corporate officer and person in control of the Debtor and Ashley Bullerdick is Mr. Bullerdick's spouse. Both are thus insiders within the meaning of section 101(31) of the Bankruptcy Code. There are no other insiders or affiliates included in the Debtor's payroll. The insiders' current salaries are reasonable in light of the work they perform for the Debtor, and their unpaid, pre-petition wages are significantly under the threshold established for priority treatment by section 507(a)(4) of the Bankruptcy Code. Neither Mr. nor Mrs. Bullerdick's salaries have increased significantly over the past several years.[1]

---

[1] Mr. Bullerdick cut his salary by more than 50% beginning in 2022 in an effort improve the Debtor's financial position.

**RELIEF REQUESTED**

8.      Pursuant to this Motion, the Debtor seeks authority under sections 105(a) and 507(a)(4) of the Bankruptcy Code to pay certain pre-petition obligations to the Employees. As more fully described below, these prepetition obligations include: (a) amounts owed to the Employees for regular wages, earned pay, and expense reimbursements ("Compensation"), (b) benefit claims of Employees (including, without limitation, medical, dental, and vision benefits) ("Pre-Petition Benefits"), (c) paid leave ("Paid Leave"), and (d) federal, state, and local payroll related taxes, deductions, withholdings, and payroll deductions in respect of various fees due to third party administrators of the Pre-Petition Benefits (collectively, the "Third Party Fees").

9.      <u>Employee Compensation</u>. All Employees are paid every week, one week in arrears. Employees are currently owed for the pay period starting on January 1, 2023 and ending on January 7, 2023. The Debtor's next payroll date is January 13, 2023. The anticipated gross payroll due to the Employees on that date will be approximately $38,976.19 (including withholding). The amount of payroll owed for work completed between January 1, 2023 and the Petition Date is a pre-petition debt. Debtor requests the authority to make these payments as due.

10.     <u>Pre-Petition Benefits</u>. The Employees receive certain general welfare benefits, including, without limitation, health, dental, and vision benefits, minimum essential coverage insurance, a 401(k) retirement plan, and workers compensation insurance as required by state law. The Pre-Petition Benefits are an integral and important part of each worker's compensation. Interruption of such benefits would negatively impact the Debtor's workforce and would necessarily undermine the Debtor's reorganization efforts. Thus, pursuant to section 105(a) of the Bankruptcy Code, the Debtor requests authority to fund, from time to time, as and when due, such benefits for its Employees, and if applicable, their eligible dependents. The payments

related to these benefits may involve payment to third party administrators who either provide or aid in the monitoring, processing, or administration of the benefits.

11. <u>Paid Leave</u>.  The Debtor's full-time Employees are permitted to take paid time off.  The Debtor requests authority to permit Employees to use any accrued Paid Leave post-petition and to be paid for such leave in the ordinary course of business.

12. <u>Third-Party Fees</u>.  The Debtor routinely and ordinarily makes deductions from Employees' payroll relating to federal, state, and local tax withholdings.  The Debtor will incur liability for payroll taxes upon the payment of the Employees' pre-petition wages sought herein.  Thus, the Debtor seeks authority to pay those amounts concurrently with making payroll.

## BASIS FOR THE RELIEF REQUESTED

13. The Employees will suffer undue hardship absent the relief requested herein.  The authorization sought in this Motion is necessary to enable the Debtor's Employees to meet their financial obligations.  If the requested relief is not granted, the affected employees will, by necessity, seek alternative employment.

14. The Debtor's ability to preserve its business and ultimately reorganize will be adversely affected if the company is unable to retain its employment relationships with the Employees.  Accordingly, it is critical that the hardship caused by this chapter 11 proceeding be minimized to preserve morale and to maintain the Debtor's workforce, which will in turn preserve the value of the estate in the best interests of creditors.

15. The Debtor further believes that the pre-petition amounts it seeks to pay are entitled to priority claim status under section 507(a)(4) of the Bankruptcy Code.  As such, these claims would be entitled to payment in full under any plan of reorganization.  Authorizing the Debtor to make these payments at this time will affect only the timing of such payments.

16. Courts have permitted debtors-in-possession to pay pre-petition wage, salary, commission, expenses, and benefit claims on the grounds that payment of such pre-petition claims was necessary to effectuate a successful reorganization. *See, e.g., In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (approving bankruptcy court order authorizing debtor to pay certain prepetition wages, salaries, employee reimbursement expenses and benefits).

17. This Court has approved the payment of such pre-petition claims of employees for wages, salaries, expenses, and benefits in other cases, on the grounds that the payment of such claims was necessary to effectuate a successful reorganization.

18. Here, continued employment of the Employees is essential to the Debtor's reorganization effort. The Debtor's ability to provide compensation and benefits according to its existing practices is necessary to prevent irreparable harm to workforce morale at the very time when their dedication, confidence, and cooperation are most critical to the Debtor's operations.

19. The Debtor's request for authority to pay the amounts referenced herein, including, but not limited to, the Pre-Petition Benefits, is not to be deemed an assumption or adoption of any agreements or policies providing for such benefits. The Debtor is in the process of reviewing these matters and reserves all of its rights with respect to the assumption or rejection of any executory contracts.

**NOTICE**

20. The Debtor has given notice of this Motion to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c) the subchapter V trustee, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the payment of pre- and post-petition payroll, payroll taxes, employee benefits and other related expenses and grant such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
        January 9, 2023

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Caleb Brown*
Richard S. Wright (NC Bar No. 24622)
Caleb Brown (NC Bar No. 41131)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
*Counsel for the Debtor*