IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ENTRY OF ORDER PROVIDING FOR
ADEQUATE ASSURANCE TO UTILITY COMPANIES**

B GSE Group, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this motion (the "Motion") for the entry of an order: (i) determining that sections 362 and 366 apply to the Utility Companies (defined below) in this case; (ii) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of outstanding prepetition invoices; (iv) approving the Adequate Assurance Procedures (defined below); (v) establishing procedures for the Utility Companies to object to Adequate Assurance Procedures; and (vi) determining that the Debtor is not required to provide any additional adequate assurance.  In support thereof, the Debtor respectfully represents the following:

**A.  JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for relief requested in this Motion are sections 105, 362 and 366 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

## B. BACKGROUND

2. On January 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business and affairs as a debtor in possession pursuant to section 1182 of the Bankruptcy Code.

3. Formed in North Carolina on October 3, 2011, the Debtor engineers and manufactures ground support equipment for commercial and military aircraft. The company's products include ground power units, air units, fueling equipment, underground service pits, and hose systems. Its clients include airports, airlines, the United States armed forces, as well as aviation and airplane manufacturers.

4. The Debtor operates from a principal office in Huntersville, North Carolina. It also maintains fabrication and assembly facilities in Morgantown, West Virginia.

## C. THE UTILITIES

5. In the ordinary course of its business and affairs, the Debtor receives utility services from various utility companies and other providers (collectively, the "Utility Companies") for the provision of electric, gas, water, telephone, internet, and waste removal services (collectively "Utility Services"). The Utility Companies include, without limitation, FirstEnergy Corporation; Comcast Cable Communications, LLC, doing business as Xfinity; Hope Gas; Mountain State Waste; and Morgantown Utility Board.

6. The Debtor has sufficient funds from its ongoing operations to make regular post-petition payments to the Utility Companies in the ordinary course of its business.

## D. RELIEF REQUESTED

7. The Debtor seeks the entry of an order, pursuant to sections 105, 362, and 366 of the Bankruptcy Code, (i) determining that sections 362 and 366 apply to the Utility Companies in this case, (ii) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (iii) prohibiting the Utility Companies from altering, refusing or discontinuing services on account of prepetition amounts outstanding, (iv) approving the Adequate Assurance Procedures set forth herein, (v) establishing procedures for the Utility Companies to object to Adequate Assurance Procedures, and (vi) determining that the Debtor is not required to provide any additional adequate assurance to the Utility Companies.

8. The Debtor anticipates that it will have adequate funds to pay all post-petition charges for Utility Services at its business locations. As an additional measure, the Debtor proposes to deposit an amount equal to one (1) month of Utility Services in the amount of $4,690.30 into the trust account of Debtor's counsel (the "Utility Deposit") to provide adequate assurance of payment for future services to the Utility Companies.

9. In conjunction with the Utility Deposit, the Debtor submits that its ability to pay future obligations to the Utility Companies in the ordinary course of its business and affairs constitutes sufficient adequate assurance to the Utility Companies of payment for post-petition Utility Services (collectively "Proposed Adequate Assurance").

### *Proposed Adequate Assurance Procedures*

10. If a Utility Company is not reasonably satisfied that the Proposed Adequate Assurance provides it with adequate assurance of payment for future services, the Debtor

proposes the following procedures (the "Adequate Assurance Procedures") for the Utility Company to request additional adequate assurance:

    a.    Absent compliance with the Adequate Assurance Procedures, the Utility Companies shall be forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance.

    b.    Any Utility Company that requests additional assurance of payment in the form of deposits, prepayments, or otherwise shall serve a request ("Additional Assurance Request") so that it is actually received by the Debtor within ten (10) days after service of the Order on this Motion.

    c.    Any Additional Assurance Request is required (i) to be made in writing, (ii) to set forth the location for which utility services are provided, (iii) to include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) to set forth with particularity why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    d.    Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall have ten (10) days from the receipt of such Additional Assurance Request ("Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.

    e.    The Debtor (i) is authorized, in its sole discretion, to resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court in the event such resolution involves an amount of $1,000.00 or less, and (ii) may resolve an Additional Assurance Request for an amount in excess of $1,000.00 upon approval of the Court, which may be requested on an expedited basis.

    f.    If the Debtor is not able to reach a resolution with the Utility Company during the Resolution Period, the Debtor will request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility Company ("Determination Hearing") within ten (10) days after the Resolution Period.

    g.    Pending resolution of the Additional Assurance Request by Court Order or agreement among the Debtor and the Utility Company, the applicable Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

      h.      Any Utility Company that fails to make a timely Additional Assurance Request shall be deemed to be satisfied that the Proposed Adequate Assurance constitutes adequate assurance of payment, and the Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of this chapter 11 case.

### E. BASIS FOR RELIEF

*Uninterrupted Utility Service is Critical to the Debtor's Business and Affairs*

11. The Debtor's access to uninterrupted Utility Services is essential to its ongoing operations. Should a Utility Company refuse or discontinue Utility Services, even for a brief period, the Debtor's business would be severely disrupted. If such disruption occurred, the impact on the Debtor's operations and revenue would be detrimental and would jeopardize not only the Debtor's ability to reorganize its affairs in this case, but also the health and safety of its employees. It is critical that the Utility Services continue uninterrupted.

12. The Debtor anticipates that it will have sufficient funds from which to pay all post-petition charges for Utility Services. Notwithstanding, the Utility Deposit will provide adequate assurance of payment to the Utility Companies. In the event that the Proposed Adequate Assurance does not provide adequate assurance of payment to the Utility Companies, the Adequate Assurance Procedures will provide a fair, reasonable, and orderly mechanism for the Utility Companies to seek additional adequate assurance while maintaining the status quo for the benefit of all parties in interest in this chapter 11 case.

13. In addition, the Adequate Assurance Procedures reasonably allow the Utility Companies to request additional adequate assurance under any unique facts and circumstances that may exist. Separate negotiations with each of the Utility Companies with respect to adequate assurance would be unnecessarily costly and would divert the Debtor's personnel and attorneys from other critical tasks related to the operation of its business and this chapter 11 case.

14. The relief requested herein by the Debtor would ensure continued Utility Services to the Debtor while providing the Utility Companies with adequate assurance and a reasonable means by which to resolve any dispute as to adequate assurance.

### *The Utility Deposit Constitutes Adequate Assurance of Payment*

15. Pursuant to section 366 of the Bankruptcy Code, a utility "may not alter, refuse, or discontinue service to, or discriminate against . . . ." a debtor due to a bankruptcy filing or prepetition debt if, within 30 days of the filing date, the Debtor provides adequate assurance of payment. *See* 11 U.S.C. § 366. Further, "[t]he policy underlying § 366 is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for post-petition services." *In re Circuit City Stores, Inc.*, No. 08-35653, 2009 Bankr. LEXIS 237, at *11 (E.D. Va. Jan. 14, 2009) (citing H.R. Rep. No. 95-595, at 350 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5964, 6306).

16. In addition, while section 366 requires a Debtor to furnish a utility adequate assurance of payment, it does not require the Debtor to provide an "absolute guarantee" of payment. *Id*. at *13.

17. The Debtor submits that the proposed adequate assurance is adequate in this case.

18. No previous motion for the relief sought herein has been made to this or any other Court.

### F. NOTICE

19. Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's Utility Companies, (c) the Debtor's twenty

(20) largest unsecured creditors, (d) the subchapter V trustee, and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002.

### G. CONCLUSION

WHEREFORE, the Debtor respectfully request that the Court enter a final order (i) determining that sections 362 and 366 apply to the Utility Companies in this case, (ii) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (iii) prohibiting the Utility Companies from altering, refusing or discontinuing services on account of prepetition amounts outstanding, (iv) approving the Adequate Assurance Procedures, (v) establishing procedures for the Utility Companies to object to Adequate Assurance Procedures, (vi) determining that the Debtor is not required to provide any additional adequate assurance, and (vii) granting the Debtor such other and further relief as may be just and proper.

Dated: Charlotte, North Carolina
       January 9, 2023

**MOON WRIGHT & HOUSTON, PLLC**

   */s/ Caleb Brown*
Richard S. Wright (NC Bar No. 24622)
Caleb Brown (NC Bar No. 41131)
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone:  (704) 944-6560
Facsimile:  (704) 944-0380
*Counsel for the Debtor*