

FILED & JUDGMENT ENTERED
Steven T. Salata

January 18 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

### ORDER ON ADEQUATE ASSURANCE FOR UTILITY COMPANIES

This cause came before the Court on January 11, 2023, for a hearing upon the *Debtor's Motion for Entry of Providing for Adequate Assurance to Utilities Companies* (the "Motion") [Doc. 8].[1] Based on a review of the record, the evidence presented at the hearing, and the statements of counsel, the Court finds and concludes as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in the Motion are sections 105, 362 and 366 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

2. On January 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in this Court. The Debtor

---
[1] Unless indicated otherwise, capitalized terms have the meaning assigned in the Motion.

MWH: 10782.001; 00028050.1

continues in possession of its properties and the management of its business and affairs as a debtor in possession, pursuant to section 1182 of the Bankruptcy Code. David M. Schilli has been appointed to serve as the subchapter V trustee (the "Subchapter V Trustee") in this case.

3. Formed in North Carolina on October 3, 2011, the Debtor engineers and manufactures ground support equipment for commercial and military aircraft. The company's products include ground power units, air units, fueling equipment, underground service pits, and hose systems. Its clients include airports, airlines, the United States armed forces, as well as aviation and airplane manufacturers.

4. The Debtor operates from a principal office in Huntersville, North Carolina. It also maintains fabrication and assembly facilities in Morgantown, West Virginia.

5. In the ordinary course of its business and affairs, the Debtor receives utility services from various utility companies and other providers (collectively, the "Utility Companies") for the provision of electric, telephone, water, propane, waste removal, and internet services (collectively "Utility Services"). The Utility Companies include, without limitation, FirstEnergy Corporation; Comcast Cable Communications, LLC, doing business as Xfinity; Hope Gas; Mountain State Waste; and the Morgantown Utility Board.

6. In the Motion, the Debtor proposed to deposit $4,690.30 into the trust account of Debtor's counsel (the "Utility Deposit") to provide adequate assurance of payment for future services to the Utility Companies within the meaning of section 366(c) of the Bankruptcy Code. Said sum is equal to one month of the Debtor's aggregate costs for Utility Services.

7. The Debtor also proposed certain Adequate Assurance Procedures, whereby a Utility Company may request additional measures if not reasonably satisfied that the aforementioned deposit assures it of payment of future services.

8. The Adequate Assurance Procedures provide a reasonable means to resolve any disputes that may arise as to the provision of adequate assurance to the Utility Companies.

9. Access to uninterrupted Utility Service is essential to the Debtor's ongoing operations. Should a Utility Company discontinue or refuse to provide Utility Services, even for a brief period, the Debtor's business operations would be severely disrupted. The impact of such disruption on the Debtor's revenues would jeopardize the Debtor's ability to reorganize its affairs in this case. It is critical that the Utility Services continue uninterrupted.

10. Sections 362 and 366 of the Bankruptcy Code apply to the Utility Companies.

11. The Debtor's ability to pay future obligations to the Utility Companies in the ordinary course of business, the Utility Deposit, and implementation of the Adequate Assurance Procedures constitute sufficient adequate assurance to the Utility Companies for payment of post-petition Utility Services.

12. Subject to the terms of this order, the notice of the Motion and hearing thereon was adequate and reasonable under the circumstances of this case.

13. Entry of this Order is in the best interests of all affected parties.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Motion is granted.

2. The Debtor shall pay the Utility Deposit of $4,690.30 into the trust account of Debtor's counsel as adequate assurance for future payment of Utility Services to the Utility Companies.

3. If a Utility Company is not reasonably satisfied that the Proposed Adequate Assurance provides it with adequate assurance of payment for future services, such Utility

Company shall adhere to the Adequate Assurance Procedures to request additional adequate assurance, which are as follows:

a. Absent compliance with these Adequate Assurance Procedures, the Utility Companies shall be forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or to require additional adequate assurance of payment other than the Proposed Adequate Assurance;

b. Any Utility Company that requests additional assurance of payment in the form of deposits, prepayments, or otherwise shall serve a request ("Additional Assurance Request") so that it is actually received by the Debtor within ten (10) days after service of this Order;

c. Any Additional Assurance Request is required (i) to be made in writing, (ii) to set forth the location for which utility services are provided, (iii) to include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) to set forth with particularity why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment;

d. Upon the Debtor's receipt of any Additional Assurance Request, the Debtor will have ten (10) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve its request for additional assurance of payment;

e. The Debtor (i) is authorized, in its sole discretion, to resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court in the event such resolution involves an amount of $1,000.00 or less, and (ii) may resolve an Additional Assurance Request for an amount in excess of $1,000.00 upon approval of the Court, which may be requested on an expedited basis;

f. If the Debtor is not able to reach a resolution with the Utility Company during the Resolution Period, the Debtor will request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility Company ("Determination Hearing") within ten (10) days after the Resolution Period;

g. Pending resolution of the Additional Assurance Request by Court Order or agreement among the Debtor and the Utility Company, the applicable Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance; and

  h.  Any Utility Company that fails to make a timely Additional Assurance Request shall be deemed to accept that the Proposed Adequate Assurance constitutes adequate assurance of payment, and the Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of this chapter 11 case.

  4.  The Debtor shall serve a copy of this Order electronically or by first class mail upon (a) the Bankruptcy Administrator; (b) the Utility Companies; (c) the Debtor's twenty largest unsecured creditors; (d) the Subchapter V Trustee; and (e) any person who has filed with the Court on or before the date of this Order and served upon Debtor's counsel a request to be served with copies or all pleadings, notices, and other papers filed in this bankruptcy case.

| | |
|---|---|
| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.* | *United States Bankruptcy Court* |