

FILED & JUDGMENT ENTERED
Steven T. Salata

January 18 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

On January 9, 2023, debtor and debtor in possession B GSE Group, LLC (the "Debtor") filed a *Motion to Use Cash Collateral* (the "Motion") [Doc. 6]. The Debtor requested that an expedited hearing be scheduled on the Motion. The Motion seeks entry of an interim order (the "Interim Order") authorizing the use of cash collateral as defined under 11 U.S.C. § 363(a) on a preliminary basis for the period commencing as of the date of the bankruptcy filing through the date of a continued hearing on the Motion.

The Motion came before the Court on January 11, 2023, for a hearing (the "Interim Hearing") on notice to all interested parties via ECF noticing, U.S. mail, electronic mail, and/or facsimile transmission. The notice provided is adequate and reasonable under the circumstances of this case. Based upon the evidence presented at the Interim Hearing, the Debtor's use of cash collateral on an interim basis in accordance with the terms and

MWH: 10782.001; 00028049.2

1

conditions set forth herein is in the best interest of the estate and its creditors; accordingly, it is hereby **ORDERED** that:

1. The Debtor may use cash collateral during the period beginning with the filing of its bankruptcy petition on January 6, 2023 (the "Petition Date"), and continuing through the date of the Continued Hearing (as defined below), in the ordinary course of business for the expenses specified in the budget (the "Budget"), which is attached hereto and incorporated herein by reference as Exhibit A. The Debtor may use cash collateral only for ordinary and necessary business expenses consistent with the specific items and amounts contained in the attached budget; provided, however, that the Debtor may vary from the Budget by 10% per line item on a cumulative basis.

2. The Debtor shall not use, sell or expend, directly or indirectly, cash collateral or any proceeds, products or offspring thereof, except as authorized in this Interim Order.

3. The Debtor's authority to use cash collateral in accordance with the terms and conditions set forth herein shall terminate at 11:59 p.m. on the date of the Continued Hearing, unless the Court further authorizes the use of cash collateral at the Continued Hearing on the Motion or upon mutual consent of the affected parties.

4. Because Truist Bank and the United States Small Business Administration (together, the "Lenders") may have an interest in cash collateral that may be used by the Debtor in accordance with this Interim Order, said Lenders shall be granted adequate protection as set forth in the following paragraph.

5. As adequate protection for the Lenders' interest in cash collateral, to the extent the Debtor uses such cash collateral:

   (a) Replacement Liens: the Lenders are granted valid, attached, choate, enforceable, perfected and continuing security interests in, and liens upon all post-

petition accounts receivable of the Debtor, and the proceeds thereof, to the same extent and validity as the liens and encumbrances of the Lenders attached to the Debtor's accounts receivable pre-petition (the "Post-Petition Collateral"). The Lenders' security interests in, and liens upon, the Post-Petition Collateral shall have the same validity as existed between the Lenders, the Debtor, and all other creditors or claimants against the Debtor's estate on the Petition Date and shall be deemed immediately perfected without the need for any further action on the part of the Lenders;

(b)     <u>Reporting</u>: beginning on Wednesday, January 18, 2023 and continuing on the Wednesday of each week thereafter, the Debtor shall provide the Lenders and trustee with a cash disbursement and accounts receivable aging report for the preceding week. Additionally, within one week after the 15th and final day of each month, the Debtor shall provide the Lenders and trustee with a current budget-to-actual comparison in the line item format of the Budget;

(c)     <u>Post-Petition Bank Account(s)</u>: the Debtor shall maintain its post-petition bank account(s) with Truist Bank as a debtor-in-possession account(s); and

(d)     <u>Access to Books and Records</u>: upon reasonable prior notice, the Debtor shall permit the Lenders reasonable access to the Debtor's premises, books, and records, and shall consult, cooperate, and comply with the Lenders' reasonable requests for information regarding its sales, expenses, accounts, accounts receivable, and inventory.

6.      The carveouts from cash collateral as shown in the Budget line items for payment of the allowed fees and expenses incurred by the Debtor's professionals and the subchapter V trustee are approved.

7.      This Interim Order is without prejudice to the rights of the Lenders or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, and entry of this Interim Order is without prejudice to the rights of the Lenders or other interested parties to challenge or otherwise contest entry of a final order authorizing the use of cash collateral.

8.      This Interim Order is also entered without prejudice to: (a) the claims, rights, and defenses that the Debtor and/or any other party in interest may have to challenge the nature, validity, priority or extent of the liens asserted by the Lenders or any other

MWH: 10782.001; 00028049.2

creditor; and (b) any and all claims, rights, and defenses the Lenders or such other creditors may assert in any action to challenge the nature, validity, priority or extent of the liens they may assert.

9. A continued hearing on the use of cash collateral shall be held on January 31, 2023 at 10:30 a.m. (the "Continued Hearing"), in the United States Bankruptcy Court, Charles Jonas Federal Building, JCW Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina 28202.

10. Any party wishing to object to the relief granted herein being allowed on a continuing basis shall file such objection with the Court in accordance with the Local Rules of the United States Bankruptcy Court, together with proof of service thereof, showing service upon all interested parties, so as to be received no later than three (3) business days prior to the Continued Hearing.

11. The Debtor is directed to serve a copy of this Order upon: (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the sub-chapter V trustee, (c) the Debtor's 20 largest unsecured creditors; (d) the Lenders, and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 within three (3) days after its entry and shall file a certificate of service specifying the manner and method of service.

**[EXHIBIT A FOLLOWS]**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |

# Exhibit A

# B GSE Group, LLC
**Cash Collateral Budget**

|  | January 2023 |
|---|---:|
| Beginning Cash Balance | $ 123,000 |
|  |  |
| Cash Collections | 1,109,944 |
|  |  |
| Cost of Goods | 577,171 |
| Officer Salary | 31,848 |
| Payroll (including benefits) | 248,008 |
| Advertising & Marketing | 856 |
| Automobile Expense | 1,129 |
| Bank Charges | 808 |
| Contract Labor | 33,358 |
| Dues & Subscriptions | 131 |
| Employee Expenses | 2,106 |
| Insurance | 12,532 |
| Meals & Entertainment | 71 |
| Miscellaneous | 998 |
| Office Supplies | 5,543 |
| Postage & Delivery | 1,952 |
| Printing & Reproduction | 639 |
| QB Fees | 375 |
| Rent | 13,025 |
| Taxes | 70 |
| Telephone | 1,214 |
| Training/Education | 24 |
| Travel Expense | 31,944 |
| Utilities | 2,902 |
| Trustee Fees | 3,000 |
| Professional Fees Carve Out | 40,000 |
| Adequate protection payments | - |
|  | 1,009,704 |
|  |  |
| Net Cash Change | 100,240 |
|  |  |
| Ending Cash Balance | $ 223,240 |