IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

### *EX PARTE* APPLICATION OF THE DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY BELL, DAVIS & PITT, P.A. AS SPECIAL COUNSEL

B GSE Group, LLC (the "Debtor"), by this application (the "Application"), hereby requests an order approving the retention of Bell, Davis & Pitt, P.A. ("BDP") as special counsel for the Debtor in this Chapter 11 case pursuant to sections 327(e) and 330 under title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Application, the Debtor respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are sections 327(e) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

### BACKGROUND

2. The Debtor manufactures ground support equipment for commercial and military aircraft.  The company's products include, for example, power units, air units, fueling equipment, underground service pits, and hose systems.

3. On January 6, 2023, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in this Court.  The Debtor continues in

possession of its property and the management of its business as a debtor in possession pursuant to section 1182 of the Bankruptcy Code.

## RELIEF REQUESTED

4.By this Application, the Debtor seeks authority pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 to retain and employ BDP as special counsel to assist the Debtor in litigation pending in the United States District Court for the District of Utah entitled *John Bean Technologies Corporation vs. B GSE Group, LLC and Bryan Bullerdick* (Case No. 1:17-cv-00142).

5.The Debtor seeks to retain BDP because of its extensive experience and knowledge in the fields of contract law, trade secrets, and unfair competition claims, all subjects at issue in the Utah litigation, as well as BDP's experience litigating such claims in state and federal courts.  BDP has also handled the Utah litigation from the start all the way through jury trial and post-judgment motions, and it is uniquely qualified and familiar with the details of the litigation.

6.The fees and expenses incurred by BDP in the representation are to be paid in the ordinary course by Sentinel Insurance Company pursuant to one or more ongoing insurance policies, rather than by the estate directly.  However, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, to the extent not covered by insurance, compensation will be payable to BDP on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the firm.  Edward B. Davis and Joshua B. Durham will be the principal attorneys designated to represent the Debtor, whose hourly billable rates are each $295.00.  Other BDP staff members who may assist in the representation bill at rates ranging from $100.00 to $295.00.

7. The rates to be charged are BDP's reduced hourly rates for insurance defense work of this nature. These rates are set at a level designated to fairly compensate BDP for the work of its employees and to cover fixed and routine overhead expenses. It is BDP's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies provided by the firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses. BDP will charge for these expenses in a manner and at rates consistent with charges made generally to BDP's other clients.

8. To the best of the Debtor's knowledge, and except as otherwise disclosed in the annexed declaration of Joshua B. Durham (the "Durham Declaration"), BDP does not hold or represent any interest adverse to the Debtor's estate. BDP's employment is necessary and in the best interests of the Debtor and its estate.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the employment and retention of BDP as special counsel for the Debtor in this chapter 11 case and grant such other relief as is just and proper.

Dated: Charlotte, North Carolina
January 30, 2023

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (NC Bar No. 24622)
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
*Counsel for the Debtor*

MWH: 10782.001; 00028139.1                                3