IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## DECLARATION OF JOSHUA B. DURHAM

Pursuant to 28 U.S.C. § 1746, I, Joshua B. Durham, declare as follows:

1. I am a director at Bell, Davis & Pitt, P.A. ("BDP" or the "Firm") at 227 West Trade Street, Suite 1800, Charlotte, North Carolina, and have been duly admitted to practice law in the State of North Carolina. This declaration is submitted in support of the *Application of the Debtor for Authority to Retain and Employ Bell, Davis & Pitt, P.A. as Special Counsel* (the "Application") pursuant to Sections 327(e) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

2. BDP has served as counsel to B GSE Group, LLC (the "Debtor") and its owner, Bryan Bullerdick ("Mr. Bullerdick"), in that pre-petition litigation in the United States District Court for the District of Utah entitled *John Bean Technologies Corporation vs. B GSE Group, LLC and Bryan Bullerdick* (Case No. 1:17-cv-00142) (the "Utah Lawsuit").

3. The Firm's fees and expenses for representation of the Debtor and Mr. Bullerdick in the Utah Lawsuit are covered by policies of insurance issued by Sentinel Insurance Company to the Debtor. Further, the interests of the Debtor and Mr. Bullerdick are aligned in the Utah Lawsuit.

4. BDP previously represented the Debtor in various matters, including patent infringement litigation brought by a former vendor against the Debtor and a breach of contract arbitration involving another former vendor. The patent infringement litigation and the breach of contract arbitration were resolved prior to the filing of the Debtor's bankruptcy case, and BDP

holds a claim against the estate for unpaid fees in those matters as well as other, smaller matters. No part of BDG's claim for unpaid fees relates to the Utah Lawsuit.

5. Except as disclosed herein, neither I, the Firm, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor and debtor in possession (the "Debtor"), its creditors, or any other parties in interest herein.

6. The Debtor has requested BDP's ongoing assistance in the Utah Lawsuit.

7. The Firm does not hold or represent any interest that is adverse to the Debtor or the Debtor's bankruptcy estate with respect to the matter for which it is being retained.

8. To the extent not covered by insurance proceeds in the ordinary course, the Firm intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

9. Edward B. Davis and I will be the principal attorneys designated to represent the Debtor. Mr. Davis's hourly billable rate and my hourly billable rate is $295.00 for this matter. Other BDP staff members who may assist in the representation bill at rates ranging from $100.00 to $295.00. These are our reduced rates for insurance defense litigation.

10. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for

use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial work and other overtime. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

11. To the extent not otherwise paid by the aforementioned insurance, the Firm will apply for interim approval of its fees and expenses and their payment from the bankruptcy estate on a monthly basis during the case, and on a final aggregate basis at the conclusion of its representation.

12. No promises have been received by the Firm or by any partner, counsel or associate thereof as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 27th day of January, 2023.

_____
Joshua B. Durham