FILED & JUDGMENT ENTERED
Steven T. Salata

February 2 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:

**B GSE GROUP, LLC,**

Debtor.

Chapter 11

Case No. 23-30013

## ORDER GRANTING LIMITED RELIEF FROM STAY

This cause came before the Court on January 31, 2023 for a hearing upon the *Motion for Entry of an Order for Limited Relief From the Automatic Stay to Finalize Litigation Pending in the United States District Court for the District of Utah* (the "Motion") [Doc. 28] filed by John Bean Technologies Corporation ("JBT"), and the Debtor's response thereto [Doc. 49]. Glenn C. Thompson, Esq. appeared for JBT, and Richard S. Wright, Esq. appeared for B GSE Group, LLC (the "Debtor"). Based upon a review of the record, the submissions of the parties, and the statements of counsel, the Court finds and concludes as follows:

1. The Court has jurisdiction over the Motion and venue of this case is proper in the Western District of North Carolina, Charlotte Division. The Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition for relief under Chapter 11 (Subchapter V) of the United States Bankruptcy Code in this Court on January 6, 2023 (the "Petition Date").

3. As of the Petition Date, JBT and the Debtor were parties to that civil lawsuit pending in the United States District Court for the District of Utah, Central Division captioned *John Bean Technologies Corporation v. B GSE Group, LLC and Bryan Bullerdick*, Case No. 1:17-cv-00142-RJS-DAO (the "Federal Court Lawsuit").

4. There are seven unresolved post-judgment motions pending in the Federal Court Lawsuit (together, the "Post-Trial Motions"), as follows:

   a. JBT's *Motion for Award of Attorneys' Fees and Nontaxable Expenses* filed on November 15, 2022. Federal Court Lawsuit, Dkt. No. 278;

   b. JBT's *Bill of Costs* filed on November 15. Federal Court Lawsuit, Dkt. No. 276;

   c. JBT's *Motion to Alter Judgment and Memorandum in Support to Enhance Damages Award* filed on November 29, 2022. Federal Court Lawsuit, Dkt. No. 285;

   d. The Defendants' *Motion for Judgment as a Matter of Law and Memorandum in Support Pursuant to Rule 50(b) and, in the alternative, for a New Trial or to Alter or Amend the Judgment Pursuant to Rule 59* filed on November 29, 2022. Federal Court Lawsuit, Dkt. No. 284;

   e. JBT's *Motion for Pre-judgment and Post-judgment Interest* filed on November 29, 2022. Federal Court Lawsuit, Dkt. No. 286;

   f. The Defendants' *Motion to Dispense with Supersedeas Bond and Stay Execution or Reduce Bond* filed on December 1, 2022. Federal Court Lawsuit, Dkt. No. 290; and

   g. JBT's *Motion for Leave to Register Judgment in Other Districts* filed on December 6, 2022. Federal Court Lawsuit, Dkt. No. 295.

5. In the Motion, JBT seeks limited relief from the stay so that the parties may conclude briefing, hold hearings, and obtain rulings on the Post-Trial Motions in order to liquidate JBT's claim. The Debtor has no objection to allowance of the Motion on the terms set forth herein.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Motion is granted;

2. The automatic stay provided by 11 U.S.C. § 362(a) is hereby lifted on a limited basis to allow the parties to the Federal Court Lawsuit to complete all briefing, to hold hearings, and to obtain rulings on the Post-Trial Motions in the Federal Court Lawsuit;

3. This Order does *not* grant relief to permit the creation, docketing, or enforcement of any lien on property of the Debtor or its bankruptcy estate, and the creation of any such lien is void *ab initio*;

4. Subject to this Order and Decretal Paragraph 3 above, it shall not constitute a willful violation of the automatic stay for JBT to docket any joint and several judgment it holds or obtains against the Debtor and Bryan Bullerdick ("Mr. Bullerdick") solely to preserve or enforce its rights as a judgment creditor of Mr. Bullerdick.  However, such lien or enforcement action outside of this bankruptcy proceeding shall remain void and unenforceable as to the Debtor and to property of its bankruptcy estate;

5. The automatic stay of Bankruptcy Rule 4001(a)(3) is waived;

6. The findings and conclusions set forth in this Order are the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any findings of fact constitute conclusions of law, and *vice versa*, they are adopted as such; and

7. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

This Order has been signed electronically.   United States Bankruptcy Court
The Judge's signature and court's seal appear
at the top of the Order.