IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that B GSE Group, LLC is serving subpoenas *duces tecum* upon Energy Task Force, LLC, ETF West LLC, Northern Air Systems, Inc., and Granite Re, Inc.

Copies of the referenced subpoenas are attached hereto as Exhibit 1.

Dated: Charlotte, North Carolina
        March 6, 2023

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*

Richard S. Wright (Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone:  (704) 944-6560
Facsimile:  (704) 944-0380
*Counsel for the Debtor*

MWH: 10782.001; 00028279.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing NOTICE OF SERVICE OF SUBPOENAS was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case on the date shown below.

Dated: Charlotte, North Carolina
      March 6, 2023

**MOON WRIGHT & HOUSTON, PLLC**

_/s/ Richard S. Wright_
Richard S. Wright (Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
_Counsel for the Debtor_

# EXHIBIT 1

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:
Energy Task Force, LLC
Attn: Jay Newell, President
2501 Clark St.
Apopka, FL  32703

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Moon Wright & Houston, PLLC<br>212 North McDowell Street, Suite 200<br>Charlotte, NC  28204<br><br>The production may be made by U.S. mail, delivery service, or email at <u>rwright@mwhattorneys.com</u> | April 5, 2023 at 5:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

Date: ____March 6, 2023____        CLERK OF COURT

                                                                OR

_____        _____
*Signature of Clerk or Deputy Clerk*                /s/ *Richard S. Wright*
                                                        *Attorney's Signature*

The name, address, email, and telephone number of the attorney representing B GSE Group, LLC, who issues or requests this Subpoena, are:

Richard S. Wright
Moon Wright & Houston, PLLC
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
rwright@mwhattorneys.com
(704) 944-6560

**Notice to the person who issues or requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

MWH: 10782.001; 00028269.1

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 3)

---

## PROOF OF SERVICE
### (This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (*name of individual and title, if any*): _____

on *(date)* _____.

☒  I served the foregoing Subpoena by delivering a copy to the named person as follows via certified mail, return receipt requested:

> To:
> Energy Task Force, LLC
> Attn: Jay Newell, President
> 2501 Clark  St.
> Apopka, FL  32703

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:    March 6, 2023

_____/s/ Shannon L. Myers    *Shannon L Myers*
*Server's signature*

_____Shannon L. Myers, Paralegal_____
*Printed name and title*

_____212 North McDowell Street, Suite 200_____

_____Charlotte, NC 28204_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

A.      The requested documents may be produced by United States mail, delivery service, or via electronic mail at rwright@mwhattorneys.com.

B.      "Bankruptcy Case" refers to the Chapter 11 proceeding of B GSE Group, LLC, Case No. 23-30013, which is currently pending in the United States Bankruptcy Court for the Western District of North Carolina.

C.      "Debtor" refers to B GSE Group, LLC.

D.      "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee.  In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail and/or text messages).

E.      "Project" refers to that construction project for the building and/or improvement of F-35 Alter Building 412 for the Air National Guard at Truax Field, Madison, Wisconsin.

F.      "You" or "your" refers to Energy Task Force, LLC, its parents, subsidiaries, and/or affiliates, its agent, and any other persons or entities acting on their behalf.

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the manufacture, sale, and/or delivery of goods for utilization in the Project (whether sent or received by you, and including all enclosures and/or attachments).

2.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Debtor (whether sent or received by you, and including all enclosures and/or attachments).

3.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Project (whether sent or received by you, and including all enclosures and/or attachments).

[End of Document]

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

| | |
|---|---|
| To:<br>ETF West LLC<br>Attn: Les Genninger, Manager<br>7700 W. Olive Avenue<br>Peoria, AZ 85345 | ETF West LLC<br>Attn: Jay Newell, President<br>2501 Clark St.<br>Apopka, FL 32703 |

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Moon Wright & Houston, PLLC<br>212 North McDowell Street, Suite 200<br>Charlotte, NC  28204<br><br>The production may be made by U.S. mail, delivery service, or email at rwright@mwhattorneys.com | April 5, 2023 at 5:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

MWH: 10782.001; 00028271.1

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

Date: _____March 6, 2023_____     CLERK OF COURT

                OR

_____        _____
*Signature of Clerk or Deputy Clerk*            /s/ *Richard S. Wright*
                       *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing B GSE Group, LLC, who issues or requests this Subpoena, are:

Richard S. Wright
Moon Wright & Houston, PLLC
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
rwright@mwhattorneys.com
(704) 944-6560

**Notice to the person who issues or requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 3)

---

## PROOF OF SERVICE
### (This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☒   I served the foregoing Subpoena by delivering a copy to the named person as follows via certified mail, return receipt requested:

| To: | |
| ETF West LLC | ETF West LLC |
| Attn: Les Genninger, Manager | Attn: Jay Newell, President |
| 7700 W. Olive Avenue | 2501 Clark St. |
| Peoria, AZ 85345 | Apopka, FL 32703 |

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

         I declare under penalty of perjury that this information is true and correct.

Date:  ___March 6, 2023___

                                                   _____/s/ Shannon L. Myers___ *Shannon L Myers*
                                                   *Server's signature*

                                                   _____Shannon L. Myers_____
                                                   *Printed name and title*

                                                   _____212 North McDowell Street, Suite 200___
                                                   
                                                   _____Charlotte, NC 28204_____
                                                   *Server's address*

Additional information concerning attempted service, etc.:

MWH: 10782.001; 00028271.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

A.      The requested documents may be produced by United States mail, delivery service, or via electronic mail at rwright@mwhattorneys.com.

B.      "Bankruptcy Case" refers to the Chapter 11 proceeding of B GSE Group, LLC, Case No. 23-30013, which is currently pending in the United States Bankruptcy Court for the Western District of North Carolina.

C.      "Debtor" refers to B GSE Group, LLC.

D.      "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail or text messages).

E.      "Project" refers to that construction project for the building and/or improvement of F-35 Alter Building 412 for the Air National Guard at Truax Field, Madison, Wisconsin.

F.      "You" or "your" refers to ETF West LLC, its parents, subsidiaries, and/or affiliates, its agents, and any other persons or entities acting on their behalf.

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the manufacture, sale, and/or delivery of goods for utilization in the Project (whether sent or received by you, and including all enclosures and/or attachments).

2.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Debtor (whether sent or received by you, and including all enclosures and/or attachments).

3.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Project (whether sent or received by you, and including all enclosures and/or attachments).

[End of Document]

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:
Northern Air Systems, Inc.
Attn: Timothy J. Confer, CEO
3605 Buffalo Road
Rochester, NY 14624

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Moon Wright & Houston, PLLC<br>212 North McDowell Street, Suite 200<br>Charlotte, NC  28204<br><br>The production may be made by U.S. mail, delivery service, or email at <u>rwright@mwhattorneys.com</u> | April 5, 2023 at 5:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

MWH: 10782.001; 00028273.1

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

Date:    _____March 6, 2023_____    CLERK OF COURT

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    /s/ Richard S. Wright
    *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing B GSE Group, LLC, who issues or requests this Subpoena, are:

Richard S. Wright
Moon Wright & Houston, PLLC
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
rwright@mwhattorneys.com
(704) 944-6510

**Notice to the person who issues or requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 3)

---

**PROOF OF SERVICE**
**(This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☒  I served the foregoing Subpoena by delivering a copy to the named person as follows via certified mail, return receipt requested:

> To:
> Northern Air Systems, Inc.
> Attn: Timothy J. Confer, CEO
> 3605 Buffalo Road
> Rochester, NY 14624

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:    March 6, 2023

　　　　　　　　　　　　　　　　　　　　　　/s/ Shannon L. Myers   *Shannon L. Myers*
　　　　　　　　　　　　　　　　　　　　　　*Server's signature*

　　　　　　　　　　　　　　　　　　　　　　Shannon L. Myers, Paralegal
　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

　　　　　　　　　　　　　　　　　　　　　　212 North McDowell Street, Suite 200

　　　　　　　　　　　　　　　　　　　　　　Charlotte, NC 28204
　　　　　　　　　　　　　　　　　　　　　　*Server's address*

Additional information concerning attempted service, etc.:

MWH: 10782.001; 00028273.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
   …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

A.      The requested documents may be produced by United States mail, delivery service, or via electronic mail at rwright@mwhattorneys.com.

B.      "Bankruptcy Case" refers to the Chapter 11 proceeding of B GSE Group, LLC, Case No. 23-30013, which is currently pending in the United States Bankruptcy Court for the Western District of North Carolina.

C.      "Debtor" refers to B GSE Group, LLC.

D.      "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee.  In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail and/or text messages).

E.      "Project" refers to that construction project for the building and/or improvement of F-35 Alter Building 412 for the Air National Guard at Truax Field, Madison, Wisconsin.

F.      "You" or "your" refers to Northern Air Systems, Inc., its parents, subsidiaries, and/or affiliates, its agents, and any other persons or entities acting on their behalf.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the manufacture, sale, and/or delivery of goods for utilization in the Project (whether sent or received by you, and including all enclosures and/or attachments).

2.      All documents containing and/or memorializing contracts between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present regarding and/or referencing the manufacture, sale, and/or delivery of goods for utilization in the Project.

3.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Debtor (whether sent or received by you, and including all enclosures and/or attachments).

4.     All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Bankruptcy Case (whether sent or received by you, and including all enclosures and/or attachments).

5.     All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Project (whether sent or received by you, and including all enclosures and/or attachments).

[End of Document]

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:
Granite Re, Inc.
Attn: Kenneth D. Whittington, Registered Agent
14001 Quailbrook Drive
Oklahoma City, OK  73134

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Moon Wright & Houston, PLLC<br>212 North McDowell Street, Suite 200<br>Charlotte, NC  28204<br><br>The production may be made by U.S. mail, delivery service, or email at rwright@mwhattorneys.com | April 5, 2023 at 5:00 p.m. |

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

Date: _____March 6, 2023_____    CLERK OF COURT

                                                    OR

_____              _____
*Signature of Clerk or Deputy Clerk*          /s/ Richard S. Wright
                                              *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing B GSE Group, LLC, who issues or requests this Subpoena, are:

Richard S. Wright
Moon Wright & Houston, PLLC
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
rwright@mwhattorneys.com
(704) 944-6560

**Notice to the person who issues or requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 3)

---

## PROOF OF SERVICE
### (This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☒   I served the foregoing Subpoena by delivering a copy to the named person as follows via certified mail, return receipt requested:

> To:
> Granite Re, Inc.
> Attn: Kenneth D. Whittington, Registered Agent
> 14001 Quailbrook Drive
> Oklahoma City, OK  73134

☐   I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date:   __March 6, 2023__

                _____ /s/ Shannon L. Myers  *Shannon L Myers*
                *Server's signature*

                _____ Shannon L. Myers, Paralegal _____
                *Printed name and title*

                _____ 212 North McDowell Street, Suite 200 _____

                _____ Charlotte, NC 28204 _____
                *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

A.    The requested documents may be produced by United States mail, delivery service, or via electronic mail at rwright@mwhattorneys.com.

B.    "Bankruptcy Case" refers to the Chapter 11 proceeding of B GSE Group, LLC, Case No. 23-30013, which is currently pending in the United States Bankruptcy Court for the Western District of North Carolina.

C.    "Debtor" refers to B GSE Group, LLC.

D.    "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee.  In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail and/or text messages).

E.    "Project" refers to that construction project for the building and/or improvement of F-35 Alter Building 412 for the Air National Guard at Truax Field, Madison, Wisconsin. Upon information and belief, the Project is referenced in your records as Subcontract No. 1270004-002 F-35 Alter B412 Flow-Through Aircraft Shelter Madison, WI.

F.    "You" or "your" refers to Granite Re, Inc., its parents, subsidiaries, and/or affiliates, its agents, and any other persons or entities acting on their behalf.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.    All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Project (whether sent or received by you, and including all enclosures and/or attachments).

2.    All documents containing and/or memorializing contracts between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present regarding and/or referencing the Project (including, but not limited to, all subcontract performance bonds and contracts incorporated therein, as well as any amendments and/or modifications thereto).

3.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Debtor (whether sent or received by you, and including all enclosures and/or attachments).

4.      All documents containing and/or memorializing communications between you and Prime Mechanical of Wisconsin LLC from October 4, 2022 to the present about and/or referencing the Bankruptcy Case (whether sent or received by you, and including all enclosures and/or attachments).

5.      All documents containing and/or memorializing communications between you and J & B Builders, Inc. from October 4, 2022 to the present about and/or referencing the Project (whether sent or received by you, and including all enclosures and/or attachments).

6.      All documents containing and/or memorializing communications between you and J & B Builders, Inc. from October 4, 2022 to the present about and/or referencing the Debtor (whether sent or received by you, and including all enclosures and/or attachments).

7.      All documents containing and/or memorializing communications between you and J & B Builders, Inc. from October 4, 2022 to the present about and/or referencing the Bankruptcy Case (whether sent or received by you, and including all enclosures and/or attachments).

[End of Document]