IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

**MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

Now comes debtor and debtor in possession B GSE Group, LLC (the "Debtor") and moves the Court for approval of a Settlement (defined below) by and among the Debtor, Glenelg Construction, Inc. ("Glenelg"), and Brown-Tisdale, Inc. ("BTI"), pursuant to Bankruptcy Rule 9019(a) and Local Rule 9013-1(e)(17).  When applicable, the Debtor, Glenelg, and BTI are collectively referred to herein as the "Parties."  In support of this motion, the Debtor respectfully submits:

**JURISDICTION**

1.This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate pursuant to 28 U.S.C. § 1409.  The relief sought is authorized under Bankruptcy Rule 9019.

**BACKGROUND**

2.The Debtor engineers and manufactures ground support equipment for commercial and miliary aircraft applications.  The company's products include power units, air units, fueling equipment, underground service pits, and hose systems.

3.On January 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 (Subchapter V) of the United States Bankruptcy Code in this Court.  The

Debtor continues in possession of its property and the management of its business as a debtor in possession under section 1182 of the Bankruptcy Code.

4. Glenelg is a party to a construction contract with the Maryland Aviation Administration (the "MAA") to supply labor and materials at the Baltimore/Washington International Thurgood Marshall Airport.

5. The Debtor, in turn, is a supplier to Glenelg and its minority electrical subcontractor, BTI, for the provision of pre-conditioned air units and other electrical equipment with respect to the project (sometimes identified among the Parties as job number 22-1330) (the "Baltimore Project").

6. After Glenelg and BTI entered into their respective, pre-petition purchase orders with the Debtor for the Baltimore Project (together, the "Purchase Orders"), a dispute arose among the Parties as to whether the Debtor's deliverables will meet certain specifications for installation at the Baltimore Project as required by the MAA.

7. The Debtor scheduled Glenelg and BTI as counterparties to executory contracts in its bankruptcy case.

8. Now, the Parties have independently considered the merits and risks of their positions in this matter, the expenses attendant upon litigating their claim and the defenses, and the probabilities of collection, and have all concluded that it is in their respective interests to resolve their differences as expeditiously as possible.

9. Accordingly, the Parties have negotiated and agreed to settle all claims among them on the terms set forth below.

## SETTLEMENT TERMS

10. The terms of the settlement between the Debtor, Glenelg, and BTI (the "Settlement") are as follows:

   a. The Debtor agrees to reject the Purchase Orders with Glenelg and BTI in connection with the Baltimore Project and agrees that such Purchase Orders shall be (i) deemed rejected pursuant to section 365(a) of the Bankruptcy Code, and (ii) terminated;

   b. Glenelg and BTI waive and release any and all claims against the Debtor and/or its estate arising from or related to rejection of the Purchase Orders;

   c. Glenelg and/or BTI shall pay the sum of $10,000.00 to the Debtor upon approval of the Settlement by the Court;[1] and

   d. Glenelg will exercise reasonable efforts to work with a purchaser of the Debtor's assets after approval of such sale and confirmation of the Debtor's plan of reorganization, to persuade the MAA that the pre-conditioned air units manufactured by the Debtor should be deemed an approved equal to the units approved by the MAA.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9019(a) provides the basis for the relief requested in this motion and provides: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

12. Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the Court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the Court finds that the settlement was negotiated in good faith as well as being reasonable, fair

---

[1] The referenced settlement payment has been deposited into the trust account of the Debtor's counsel, to be held pending approval of the Settlement.

and equitable. *See Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

13. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors.

*See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

14. Consideration of the above factors does not require the Court to decide the questions of law and fact raised in the controversies to be settled, or to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see, e.g., Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Finally, although the Court should "give deference to the reasonable views of creditors, objections do not rule." *In re Lee Way Holding Co.,* 120 B.R. 881, 891 (Bankr. S. D. Ohio 1990).

15. The Debtor, Glenelg, and BTI have each determined, with the assistance of their respective counsel, that their best interests are served by settling their claims on the terms set forth above.

16. The Debtor also submits that the Settlement proposed herein: (a) is in the best interest of the Debtor's estate and all creditors; (b) is reasonable, fair, and equitable; (c) favorably avoids the uncertainty, costs, and delays related to litigating the parties' claims; and (d) readily yields substantial funds that can be utilized for the benefit of the Debtor's estate.

17. As a result, Court approval of the Settlement is warranted in these circumstances and is in the best interests of the bankruptcy estate and all parties in interest.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order: (a) approving the Settlement, (b) deeming the Purchase Orders rejected as of the Petition Date pursuant to section 365(a) of the Bankruptcy Code, (c) deeming the Purchase Orders terminated, and (d) granting such other and further relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
　　　　March 16, 2023

**MOON WRIGHT & HOUSTON, PLLC**

　　*/s/ Richard S. Wright*
Richard S. Wright (NC Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, NC  28204
Telephone: (704) 944-6560
Facsimile:  (704) 944-0380
*Counsel for the Debtor*


**AGREED TO AS STATED:**

　　*/s/ Deborah L. Fletcher*
Deborah L. Fletcher (NC Bar No. 20254)
Fisher Broyles, LLP
6000 Fairview Road, Suite 1200
Charlotte, NC 28210 (By Appointment Only)
Mail: 338 Sharon Amity Road, #518, Charlotte, NC 28211
Telephone:  (704) 442-7263
Facsimile:  (704) 731-0694
*Counsel for Glenelg Construction, Inc. and*
*Brown-Tisdale, Inc.*