James S. Livermon III, Esq.
William D. Curtis, Esq.
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Email: Charlie.Livermon@wbd-us.com

*Attorneys for Truist Bank*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---------------------------------------------------------- x
In re:                                                    :
                                                          :    Chapter 11
B GSE GROUP, LLC,                                         :
                                                          :    Case No.: 23-30013
                                            Debtor.       :
                                                          :
---------------------------------------------------------- x

OBJECTION BY TRUIST BANK OF CONTINUED USE OF CASH COLLATERAL

Now comes Truist Bank ("Truist"), a secured creditor in this case, and hereby objects to the continued use of Truist's cash collateral. In support of its opposition, Truist states as follows:

1. This Court has jurisdiction to determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On the Petition Date Truist had two claims secured by, among other things, a properly perfected security interest in the Debtor's business assets, including all of its inventory, equipment, accounts and general intangibles and the proceeds thereof (collectively, the "Collateral"). Proceeds from the Collateral constitutes Truist's cash collateral ("Cash Collateral"). Truist filed proofs of claim on the line of credit ("Claim 77") and term loan

("Claim 78" and together with Claim 77, the "Claims") on March 16, 2023, in the amounts of $2,011,229.41 and $572,070.22, respectively. Claim 77 has been paid in full outside of bankruptcy.

3. Sections 363(c)(2) and (e) prohibits a debtor from using the cash collateral of a secured creditor unless the creditor consents or the court authorizes the use of such cash collateral upon a showing that the secured creditor's interest in the cash collateral is adequately protected. Although the term "adequate protection" is not defined by the Code, Section 361 provides three non-exclusive ways to provide adequate protection: (1) making cash payment to the extent the use of the cash collateral results in a decrease in the creditor's collateral value, (2) offering an additional or replacement lien to the extent of a decrease in the value of the property, or (3) otherwise fashioning a method of providing the creditor with the "indubitable equivalent" of its interest in the property. 11 U.S.C. § 361. The party seeking to use the cash collateral has the burden to prove adequate protection.

4. With Truist's consent, the Court authorized the Debtor's use of Truist's Cash Collateral by Orders of this Court dated January 18, 2023, February 2, 2023 and March 28, 2023, consistent with the budgets attached thereto and provided adequate protection to Truist through a replacement lien on post-petition collateral, period cash payments and regular reports on the Debtor's operations.

5. Despite these measures, Truist has not received sufficient adequate protection and hereby withdraws its prior consent to the use of its Cash Collateral. During the pendency of this case, the Debtor has failed to meet its revenue projections and in turn has depleted most of the Cash Collateral. For instance, the Debtor's initial cash collateral budget forecasted revenues of

$1,109,944 but the Debtor collected only $506,260 (45% of projected revenue). The second cash collateral budget projected $924,944 and yet the Debtor collected a dismal $82,208 (9% of projected revenue). And lastly, the March cash collateral was marginally better with projections of $490,000 and collections of $338,106 (69% of projected revenue). So far in April, the Debtor's revenue is $0, and available cash has decreased from $226,916 on March 31st to approximately $70,000 today.

6. The adequate protection provided to Truist is further impaired by the fact that many pre-petition contracts have been canceled post-petition due to delays, inadequate performance and the loss of confidence in the Debtor. Thus, the likelihood of the Debtor generating sufficient assets to replace Truist's Cash Collateral in the future is highly unlikely.

7. Lastly, the Debtor has been seeking a buyer of its assets for several months and no offers have been received to date.

8. For the foregoing reasons, Truist objects to the Debtor's continued use of its Cash Collateral. Truist reserves the right to make additional objections to the Motion at the upcoming hearing.

Wherefore, Truist requests that the Court deny the relief sought by the Motion and to grant such other and further relief as the Court deems just and proper.

Dated: April 20, 2023    WOMBLE BOND DICKINSON (US) LLP

By:    /s/ James S. Livermon, III
JAMES S. LIVERMON, III (State Bar No. 26492)
Attorney for Truist Bank
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2148  (Telephone)
Charlie.Livermon@wbd-us.com (Email)

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and that a copy of the OBJECTION BY TRUIST BANK TO CONTINUED USE OF CASH COLLATERAL was this day served upon the below-named persons, parties, and/or counsel by depositing a copy thereof in the United States Mail, First Class, postage prepaid, to the addresses shown below, or by CM/ECF:

B GSE Group, LLC
c/o Bryan Bullerdick
14034 Clarendon Point Court
Huntersville, NC 28078

Richard S. Wright
Moon Wright Houston, PLLC
Attorneys for the Debtor
*Via CM/ECF*

Patti W. Halloran, Esq.
Gibbons Neuman
*Via CM/ECF*

Daniel C. Bruton, Esq.
Bell, Davis & Pitt, P.A.
*Via CM/ECF*

Ronald Bruckman, Esq.
Shumaker, Loop & Kendrick, LLP
*Via CM/ECF*

Robert M. Charles, Jr., Esq.
Lewis Roca Rothgerber Christie LLP
*Via CM/ECF*

Glenn C. Thompson, Esq.
Hamilton Stephens Steele & Martin
*Via CM/ECF*

Julia Wood, Esq.
United States of America – Department of Justice
*Via CM/ECF*

Deborah L. Fletcher, Esq.
FisherBroyles, LLP
*Via CM/ECF*

Shelley K. Abel, Esq.
U. S. Bankruptcy Administrator
*Via CM/ECF*

Cole Hayes, Esq.
Subchapter V Trustee
*Via CM/ECF*

|  |  |  |
|---|---|---|
| Dated: April 20, 2023 |  | WOMBLE BOND DICKINSON (US) LLP |
|  | By: | /s/ James S. Livermon, III |
|  |  | JAMES S. LIVERMON, III |
|  |  | N.C. State Bar No. 26492 |
|  |  | Attorney for Truist Bank |
|  |  | 555 Fayetteville Street, Suite 1100 |
|  |  | Raleigh, North Carolina 27601 |
|  |  | (919) 755-2148  (Telephone) |
|  |  | (919) 755-6048 (Facsimile) |
|  |  | Charlie.Livermon@wbd-us.com (Email) |