IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **B GSE GROUP, LLC,** | ) | Case No. 23-30013 |
| | ) | |
| Debtor. | ) | |

## MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
### (Receiving Parties Should Locate Their Names & Contracts Below)

Debtor B GSE Group, LLC (the "Debtor"), moves the Court for entry of an order authorizing the assumption and assignment of certain executory contracts pursuant to 11 U.S.C. § 365(a) and (f), and Bankruptcy Rule 6006 in connection with a sale of assets. In support of this motion, the Debtor states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. § 365 and Bankruptcy Rule 6006.

### BACKGROUND

2. The Debtor is a North Carolina limited liability company that manufactures ground support equipment for commercial and military aircraft. The Debtor operates from a principal office in Huntersville, North Carolina, with leased fabrication and assembly plants in Morgantown, West Virginia.

3. The Debtor filed a voluntary petition for relief under Chapter 11 (Subchapter V) of the Bankruptcy Code in this Court on January 6, 2023.

4. The Debtor has filed its *Plan of Reorganization* (the "Plan") and a related *Motion for Approval of Asset Sale* (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor seeks to

sell its interests in certain ongoing contracts, related receivables, and its intellectual property to Luckey Enterprises, LLC (the "Purchaser").

5.  The proposed asset purchase agreement between the Debtor and the Purchaser calls for the assumption and assignment of the executory contracts identified below (the "Contracts"), which the Purchaser intends to perform.

**EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED**

6.  The Debtor proposes to assume and assign the following Contracts:

| Counterparty and Address | Applicable Purchase Order |
|---|---|
| 1. ACCO Engineered Systems, Inc.<br>Attn: Purchasing Department<br>888 East Walnut Street<br>Pasadena, CA 91101 | 60660009 |
| 2. Aldridge Electric<br>844 E. Rockland Road<br>Libertyville, IL 60048 | 66165417 |
| 3. American Airlines<br>P.O. Box 619616<br>Dallas, TX 75261-9616 | DFW701RA02; JFK901RA01 |
| 4. Berg Electric<br>3182 Lionshead Avenue<br>Carlsbad, CA 92010 | 195261 |
| 5. CW Aero<br>1 Seletar Aerospace Heights<br>#02-01<br>Singapore 797547 | AS-21/182;  AS-21/419 |
| 6. Hussung Mechanical<br>6913 Enterprise Drive<br>Louisville, KY 40214 | 21119-012 |
| 7. JCM Associates, Inc.<br>301-C Prince Georges Blvd.<br>Upper Marlboro, MD 20774 | 222086S04 |
| Intentionally | Left Blank |

| | |
|---|---|
| 8. Smith & Associates<br>597 Myers Road<br>Summerville, SC 29483 | BGSE-022-001 |
| 9. Synergy Electric Company, Inc.<br>10740 Kenney Street, Suite 401<br>Santee, CA 92071 | 1683-02 |
| 10. Van Ert Electric Company<br>7019 Stewart Avenue<br>Wausau, WI 54401 | F5362-AS |

## RELIEF REQUESTED

7.     The Debtor seeks to assume the foregoing Contracts in connection with the proposed asset sale, and to simultaneously assign the Contracts to the Purchaser as contemplated in the Sale Motion and APA. The Debtor further requests that the Court waive the 14-day stay set forth in Bankruptcy Rule 6006(d).

## BASIS FOR RELIEF REQUESTED

8.     Section 365(a) governs the assumption of executory contracts and unexpired leases. A debtor in possession may, subject to court approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a).

9.     If the estate seeks to assign an executory contract to a third party, the assignee must provide adequate assurance of future performance under the contract at issue. 11 U.S.C. § 365(f)(2)(B).

10.    The decision to assume or reject an executory contract or unexpired lease is a matter within the Debtor's "business judgment." *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984) (stating, "[t]he usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."). *See also In re Maverick Mining Corp.*, 36 B.R. 837, 839 (Bankr. W.D. Va. 1984) (same).

11. The business judgment standard mandates that a court approve a debtor's business decision unless it is the product of bad faith or gross abuse of discretion. *See Lubrizol Enters. Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986); *see also Enterra Corp. v. SGS Assocs.*, 600 F.Supp. 678, 684-85 (E.D. Pa. 1985) (business judgment standard requires deference to debtor's management absent showing of bad faith, fraud, or gross overreaching).

12. Given that the Debtor will cease ordinary business operations upon the closing of the proposed sale, the Contracts are unnecessary to its reorganization. However, the Purchaser desires assignment of the Contracts in order to fulfill their terms and receive payment from the counterparties.

13. Assumption and assignment of the Contracts thus forms part of the consideration for the contemplated sale.

14. Moreover, assignment of the Contracts to the Purchaser will avoid rejection damage claims against the estate, increased deficiency claims, and bonding liabilities that would otherwise dilute recoveries to other constituencies in the Debtor's bankruptcy case.

15. The Debtor is informed and believes that the Purchaser can provide evidence if necessary that it is capable of performing under the terms of the Contracts on an ongoing basis.

16. The Debtor therefore submits that assumption and assignment of the Contracts is in the best interests of the Debtor, its estate, and all affected parties.

17. Based on the foregoing, the Debtor respectfully submits that grounds exist to approve the assumption and assignment of the Contracts to the Purchaser under section 365 of the Bankruptcy Code on the terms set forth above.

## NOTICE

18. Notice of this motion has been provided to the counterparties to the Contracts, the Subchapter V trustee, and the United States Bankruptcy Administrator for the Western District of North Carolina.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court approve the assumption and assignment of the Contracts to the Purchaser, waive the 14-day stay set forth in Bankruptcy Rule 6006(d), and grant such further relief as is just and proper.

Dated: Charlotte, North Carolina
May 1, 2023

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (NC Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
*Counsel for the Debtor*